```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**FRED J. HUTT, SR.,**

                **Plaintiff,**

      v.                                            CASE NO. 05-3478-SAC

**CORRECT CARE SOLUTIONS, et al.,**

                **Defendants.**

## O R D E R

Plaintiff, a prisoner incarcerated in Lansing Correctional Facility (LCF) in Lansing, Kansas, proceeds pro se on a complaint seeking declaratory judgment and damages under 42 U.S.C. § 1983.  By an order dated January 11, 2006, the court directed plaintiff to supplement the record with a form complaint, and with information or documentation showing plaintiff's full exhaustion of administrative remedies.  Having reviewed plaintiff's response, the court finds the supplemented complaint should be dismissed.

To seek relief in federal court for the alleged violation of his constitutional rights, plaintiff must first demonstrate his full exhaustion of administrative remedies.  42 U.S.C. § 1997e(a).  *See* Porter v. Nussle, 534 U.S. 516, 524 (2002)("exhaustion in cases covered by § 1997e(a) is now mandatory").  Prisoners are required to exhaust available administrative remedies prior to filing an action in federal court even where such remedies appear futile at providing the kind of remedy sought.  Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).  *See* Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001)("futility or other exceptions" are not to be read into the

exhaustion requirement imposed by § 1997e(a)).  "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court."  <u>Steele v. Fed. Bureau of Prisons</u>, 355 F.3d 1204, 1207 (10th Cir. 2003)(*quotation marks and citation omitted*).

In the present case, plaintiff claims he has been denied proper medical attention from LCF staff and Correct Care Solutions, including specific medications and access to a specialist.  He also claims he is has been unlawfully denied a work restriction because his prison file erroneously states he has no back problem.

The court's show cause order cited the showing required to avoid dismissal of the complaint under 42 U.S.C. § 1997e(a).  *See* <u>Steele v. Federal Bureau of Prisons</u>, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied* 543 U.S. 925 (2004). In response, however, plaintiff provides no documentation or information of any administrative grievance on these claims.  He states only that he filed sick slips, "form 9" inmate requests, and emergency grievances, and cites verbal requests for help from everyone possible.  These bare statements are insufficient.  The court thus concludes the complaint should be dismissed without prejudice.

IT IS THEREFORE ORDERED that the complaint as supplemented is dismissed without prejudice, 42 U.S.C. § 1997e(a).

IT IS FURTHER ORDERED that plaintiffs' motion for leave to proceed in forma pauperis (Doc. 2) and motion for appointment of

counsel (Doc. 3) are denied as moot.

**IT IS SO ORDERED.**

DATED:  This 7th day of March 2006 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge