```
                IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF KANSAS
```

**FRED J. HUTT, SR.,**

                    **Plaintiff,**

     **v.**                                          **CASE NO. 05-3478-SAC**

**CORRECT CARE SOLUTIONS, et al.,**

                    **Defendants.**


**O R D E R**

Plaintiff, a prisoner incarcerated in Lansing Correctional Facility (LCF) in Lansing, Kansas, proceeds pro se on a complaint seeking declaratory judgment and damages under 42 U.S.C. § 1983. By an order dated March 7, 2006, the court dismissed the supplemented complaint without prejudice pursuant to 42 U.S.C. § 1997e(a). Before the court is plaintiff's motion for reconsideration, field March 21, 2006.

*Motion for Reconsideration*

Plaintiff challenges the correctness of the judgment entered in this matter and filed his motion within ten days of entry of judgment,[1] thus his motion is considered as a motion to alter and amend under Rule 59 of the Federal Rules of Civil Procedure. <u>Van Skiver v. U.S.</u>, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied* 506 U.S. 828 (1992).

The court dismissed plaintiff's supplemented complaint pursuant

---

[1] *See* Fed.R.Civ.P. 6(a)(computation of periods of time less than ten days).

Dockets.Justia.com

to the "total exhaustion" rule in Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004), which required dismissal of a prisoner complaint without prejudice if it contained a mixture of a mixture of exhausted and unexhausted claims.[2] Although plaintiff makes no showing that application of this controlling circuit precedent was inappropriate when the supplemented complaint was dismissed, the "total exhaustion" rule in Ross was recently abrogated by the United States Supreme Court. Jones v. Bock, __ U.S. __, __ S.Ct. __, 2007 WL 135890 (U.S. January 22, 2007).

A Rule 59(e) motion to alter or amend judgment provides the court an opportunity to consider a change in the law.[3] In light of Jones, the court finds it appropriate to grant plaintiff's motion and set aside the dismissal without prejudice of plaintiff's supplemented complaint, the denial of plaintiff's motion for leave to proceed in forma pauperis, and the denial of plaintiff's motion for appointment of counsel.

*28 U.S.C. § 1915 Motion*

Plaintiff has not paid the district court filing fee required by 28 U.S.C. § 1914, and instead seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $250.00 filing fee[4] in this

---

[2] The court also denied as moot plaintiff's motions for leave to proceed in forma pauperis and motion for appointment of counsel.

[3] *See* Torre v. Federated Mut. Ins. Co., 862 F.Supp. 299, 300 (D.Kan. 1994)(a motion to alter or amend provides the court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, or consider a change in the law).

[4] Plaintiff initiated this action prior to the district court filing fee being increased to $350.00, effective April 9, 2006.

civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[5] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

*28 U.S.C. § 1915A Screening*

Because plaintiff is a prisoner, the court is required to screen the supplemented complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Plaintiff seeks damages on allegations that he has been denied proper medical attention from Correct Care Solutions and staff at the Lansing Correctional Facility (LCF). Plaintiff claims he was denied specific medications and access to a specialist, and also claims he has been unlawfully denied a work restriction because his prison file erroneously states he has no back problem. The defendants in this action are the State of Kansas, Correct Care

---

[5]*See* Hutt v. Werholtz, Case No. 05-3476-SAC ($250.00 district court filing fee); Hutt v. City of Salina, Case No. 05-3477-SAC ($250.00 district court filing fee).

Solutions, various Kansas Department of Corrections' officials, and at least a dozen correctional and medical staff at LCF.

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992). It is well recognized that prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Garrett v. Stratman, 254 F.3d 946, 949 (10th Cir. 2001). However, negligence in the diagnosis or treatment of a medical condition does not state a valid claim under the Eighth Amendment. Estelle, 429 U.S. at 105-06.

Here, plaintiff claims defendants failed to provide complete relief from chronic low pack pain. Plaintiff states defendants refused to continue the drug protocol in place prior to his incarceration, and failed to provide comparable treatment. Plaintiff further claims the LCF evaluation of him as having no back problem for the purpose a work assignment was deliberately contrary to the 2004 finding by a Social Security Administrative Law Judge of a total work disability. Plaintiff alleges defendants were either directly involved in the denial of proper medical care and the falsification of his record, or failed to intervene to provide requested care and prevent work abuse.

The face of the record does not support a finding of a constitutional deprivation on these allegations. The record documents that plaintiff is receiving pain medication for chronic low back pain, and that the narcotic medications requested by

4

plaintiff would not be provided as requested. Administrative responses to plaintiff's grievances further indicate that medical staff cleared plaintiff to work in the kitchen where there were tasks within his physical limitations. Plaintiff is not constitutionally entitled to the medical treatment of his choice, and his disagreement with the care being provided is insufficient to establish deliberate indifference to his medical needs. Nor is the LCF evaluation of plaintiff for a work assignment rendered constitutionally suspect by plaintiff's entitlement to disability insurance benefits under the Social Security Act.

Accordingly, the court directs plaintiff to show cause why the supplemented complaint should not be dismissed because no cognizable constitutional claim is stated upon which relief can be granted under 42 U.S.C. § 1997e(a).[6]

Plaintiff's motion for appointment of counsel is denied without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) (Doc. 8) is granted, and that the order and judgment entered by the court on March 7, 2006, is set aside.

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that collection

---

[6]Plaintiff is advised the dismissal would as a "strike" under 28 U.S.C. § 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

of the $250.00 district court filing fee is to proceed pursuant to 28 U.S.C. § 1915(b)(2) after plaintiff's prior filing fee obligations have been satisfied.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the supplemented complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 1st day of February 2006 at Topeka, Kansas.

            s/ Sam A. Crow
            SAM A. CROW
            U.S. Senior District Judge